UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DAVID JAMES MILCENDEAU, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Case No. 1:24-cv-00108-SRC |
| BILL STANGE, | ) ) ) |
| Respondent. | ) |

**Memorandum and Order**

In July 2024, the Court dismissed this case because David Milcendeau failed to comply with the Court's order, specifically an order to either file a motion to proceed *in forma pauperis* or pay the $5 filing fee. Doc. 6. Milcendeau has since sent the Court a letter, stating that he "mistakenly sent the $5.00 filing fee to" a different court in May 2024. Doc. 9 at 1.[1] The Court construes this letter as motion under Federal Rule of Civil Procedure 60(b) for the Court to grant him relief from the Court's order dismissing this case. Doc. 7. Milcendeau has also filed a motion for appointment of counsel. Doc. 11. The Court addresses each motion below.

**I.      Background**

Milcendeau, an inmate at Southeast Correctional Center, filed this habeas corpus action in the United States District Court for the Western District of Missouri in May 2024. Doc. 1. Because Milcendeau challenges his convictions and sentences from the Circuit Court of Phelps County, Missouri, the Western District transferred this case to the United States District Court for the Eastern District of Missouri. Doc. 2. The Court then ordered Milcendeau to file a signed amended petition and to either file a motion to proceed *in forma pauperis* or pay the $5 filing

---

[1] The Court cites to page numbers as assigned by CM/ECF.

fee. Doc. 4. Although Milcendeau submitted an amended petition in a timely manner, doc. 5, he failed to either pay the $5 filing fee or file a motion to proceed *in forma pauperis*. As a result, the Court dismissed this case under Federal Rule of Civil Procedure 41 for failure to comply with a court order. Doc. 6.

## II.  Discussion

### A.  Motion for relief from a final judgment

Milcendeau seeks relief from the Court's order dismissing this case for failure to comply with a court order. *See* doc. 9. Under Rule 60(b), the Court may grant a party relief from a final judgment or order for any "reason that justifies relief." "Rule 60(b) applies to habeas proceedings to the extent it is not inconsistent with" the Antiterrorism and Effective Death Penalty Act. *Ward v. Norris*, 577 F.3d 925, 932 (8th Cir. 2009) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005)).

Since Milcendeau filed his motion, the Western District's financial office clarified that it received Milcendeau's filing fee on July 22, 2024, and a docket entry was created, on November 6, 2024, that reflects that the Western District received the filing fee. Had the Court known that the Western District received Milcendeau's filing fee, it would not have dismissed this case for failure to comply with a court order. Thus, the Court finds that these circumstances justify relief from the final judgment. Fed. R. Civ. P. 60(b)(6).

### B.  Motion for appointment of counsel

Milcendeau has also asked the Court to appoint counsel to represent him. Doc. 11. Under section 2254, a petitioner has neither a constitutional nor statutory right to the appointment of counsel in federal habeas proceedings. *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). Rather, a district court has the discretion to appoint counsel. *Williams v. State*

*of Missouri*, 640 F.2d 140, 144 (8th Cir. 1981) (explaining that a court has "discretion to appoint counsel to assist a prisoner in presenting a habeas corpus petition"). A court may appoint counsel when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B) (providing that in the "interests of justice," a court may provide representation for any financially eligible person who seek relief under section 2254). To determine whether it should appoint counsel to a habeas petitioner who has raised nonfrivolous claims, a district court should consider the legal complexity of the case, the factual complexity of the case, the petitioner's ability to investigate and present his claim, and any other relevant factors." *Abdulla v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994).

The Court has reviewed Milcendeau's claims and finds them to be relatively straightforward. And at this point, an evidentiary hearing does not appear necessary in this case. Thus, the Court denies Milcendeau's motion for appointment of counsel.

### III.  Conclusion

As explained, the Court grants Milcendeau's motion for relief from the final judgment, doc. 9, vacates its [7] Order of Dismissal and [6] Memorandum and Order, and denies Milcendeau's [11] Motion for Appointment of Counsel.

So ordered this 7th day of November 2024.

*[signature: SL R. CL]*

STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE

3