UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DAVID JAMES MILCENDEAU, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 1:24-cv-00108-SRC |
| ) | |
| BILL STANGE, ) | |
| ) | |
| Respondent. ) | |

**Memorandum and Order**

David James Milcendeau moves this Court, under Federal Rule of Civil Procedure 59(e), doc. 22, to alter or amend its judgment denying his 28 U.S.C. § 2254 petition, docs. 20, 21. Having reviewed Milcendeau's motion and the record, the Court finds that Milcendeau's claims do not warrant relief.

**I.      Background**

In 2012, Missouri charged Milcendeau, in Pulaski County, Missouri, with child molestation in the first degree and statutory sodomy in the first degree.  Doc. 15-7 at 3 (The Court cites to page numbers as assigned by CM/ECF.).  The case proceeded to a jury trial in Phelps County in May 2017, at which the jury found Milcendeau guilty of the charged offenses. *Id.*

Milcendeau appealed his conviction.  As relevant here, he asserted that "the trial court plainly erred by failing to require evidence sufficient to establish venue in Pulaski County for the sodomy charge prior to trial, in that no witnesses testified [that] the offense occurred in that county." *Missouri v. Milcendeau*, 571 S.W.3d 178, 181 (Mo. Ct. App. 2019).  The Missouri Court of Appeals rejected this argument for two reasons:  (1) Milcendeau "invited the error by

failing to assert his venue challenge before the trial commenced," and (2) Milcendeau "waived the error both by proceeding to trial without objection and by requesting a change of venue to Phelps County." *Id.*

Milcendeau then filed a timely petition for writ of habeas corpus in this Court. *See* doc. 1. He later filed an amended habeas petition, doc. 10, which the Court also found timely, *see* doc. 20 at 11. But the Court denied Milcendeau relief and dismissed his case with prejudice. *See id.* at 20. Milcendeau now moves the Court to alter or amend its judgment pursuant to Federal Rule of Civil Procedure 59(e). Doc. 22.

## II.     Standard

Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). A Rule 59(e) motion "serve[s] the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *U.S. v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (citation modified). Such motions "cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id*. "A district court has broad discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to Rule 59(e), and [the Eighth Circuit] will not reverse absent a clear abuse of discretion." *Id.* (citation omitted). "An abuse of discretion will only be found if the district court's judgment was based on clearly erroneous factual findings or erroneous legal conclusions." *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998).

2

**III.     Discussion**

Milcendeau argues that he is entitled to relief because, in his direct appeal of his conviction, the Missouri Court of Appeals misconstrued his claim "that the State failed to prove <u>offense</u> venue, i.e., the geographical location where the offense allegedly occurred," as a claim of "improper <u>trial</u> venue, i.e., the proper location for trial." Doc. 22 at 1 (emphasis in original). He then argues that he "repeated this contention in his petition for federal habeas relief," but that this Court also mistook his claim for one of improper trial venue. *Id.* Thus, he posits, the Court "committed manifest error" when it "misconstrued [his] challenge to the sufficiency of the evidence to prove <u>offense</u> venue beyond a reasonable doubt." *Id.* at 2–3 (emphasis in original).

The Court notes at the outset that Milcendeau appears to conflate "jurisdiction" with "venue." Jurisdiction "describes the power of a court to try a case." *Missouri v. Taylor*, 238 S.W.3d 145, 149 (Mo. 2007) (en banc). Jurisdiction is an essential prerequisite to a court hearing a case, and Missouri courts "lack jurisdiction to prosecute violations of Missouri law unless the conduct constituting the offense, or some substantial portion of it, occurred within Missouri." *Missouri v. Allen*, 536 S.W.3d 241, 244 (Mo. Ct. App. 2017); *see also Missouri v. Kleen*, 491 S.W.2d 244, 245 (Mo. 1973) ("[T]he Missouri courts have no jurisdiction to prosecute for an offense which occurs in another state."). In contrast, venue "relates to the locale where the trial is to be held." *Taylor*, 238 S.W.3d at 149. In a criminal action, venue is proper "in the County where a crime is committed." *Missouri v. White*, 720 S.W.2d 27, 28 (Mo. Ct. App. 1986). And while correct venue "is an important procedural right of the criminal defendant" that is "prescribed in the Missouri constitution," "the venue requirement is not absolute and can be waived." *Taylor*, 238 S.W.3d at 149. In sum, "a lack of jurisdiction means

3

that a court has no power to hear a case," while improper venue "does not affect a trial court's power to render judgment." *Id.*

With this distinction in mind, the Court notes that Milcendeau's motion appears to challenge the Missouri court's jurisdiction to prosecute his case, rather than venue. *See* doc. 22 at 2 ("[T]he State must prove beyond a reasonable doubt that the offense occurred within its borders."); *id.* (claiming "that the State failed to prove the offense occurred on Missouri soil"). The Court therefore construes Milcendeau's motion as challenging the Missouri court's jurisdiction. As construed, this argument fails.

Nowhere does Milcendeau argue that the offense at issue occurred outside of Missouri—at most, he argues that the offense occurred in some other *county* in Missouri. Indeed, in his motion for judgment of acquittal in state court, Milcendeau notes that the State presented evidence that Milcendeau's charged conduct "took place at a river access near the Defendant's home which is located in Pulaski County," but that "no evidence was presented regarding the specific location of the river access *or in which county it is located*." Doc. 15-6 at 65 (emphasis added). And in his briefing on appeal, Milcendeau again contests only that the offense occurred in Pulaski County. *See* doc. 15-8 at 11 ("It simply is not possible to determine from the trial testimony whether the camping trip occurred in Pulaski County."); doc. 15-10 at 6 (noting that, while "testimony was offered that the camping trip occurred near a road . . . in Pulaski County[,] . . . the witness was unable to establish that the camping location itself was in Pulaski County"). And, in his amended habeas petition, Milcendeau notes that his alleged crimes "did not take place in the venue in which [he] was charged or went to trial"—i.e., Pulaski County and Phelps County. Doc. 10 at 9; *see also id.* at 5 (arguing that "the alleged crime was alleged to have happened in another county other than Pulaski").

4

Thus, to the extent Milcendeau argues that the State did not prove beyond a reasonable doubt that the offense occurred in Missouri, he may not do so for the first time in this Rule 59(e) motion. *See Metro St. Louis Sewer Dist.*, 440 F.3d at 933 (noting that a Rule 59(e) motion "cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment").

And, to the extent Milcendeau argues that the State failed to establish venue in Pulaski County, this argument again fails. As the Court stated in its prior order, the Missouri Court of Appeals rested its decision on independent and adequate state procedural grounds—invited error and waiver—that are firmly established in Missouri law. Doc. 20 at 15–16; *see, e.g.*, *Taylor*, 238 S.W.3d at 149–51; *Missouri v. Rowe*, 363 S.W.3d 114, 118 (Mo. Ct. App. 2012); *Missouri v. Stewart*, 640 S.W.3d 174, 178 (Mo. Ct. App. 2022). Therefore, the Court cannot review the Missouri court's decision. *See Barnett v. Roper*, 541 F.3d 804, 808 (8th Cir. 2008) ("Federal courts will not review a state court decision that rests on 'independent and adequate state procedural grounds.'" (quoting *Coleman v. Thompson*, 501 U.S. 722, 729–30 (1991)).

### IV. Conclusion

Accordingly, because Milcendeau raises no ground for relief, the Court denies Milcendeau's [22] Rule 59(e) motion.

So ordered this 13th day of November 2025.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE